[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**December 5, 2005**
**THOMAS K. KAHN**
**CLERK**

_____

No. 05-10607
Non-Argument Calendar

_____

D. C. Docket No. 04-20014-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MACDIEL DORTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 5, 2005)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Macdiel Dorta appeals his convictions for conspiracy and attempt to possess

with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; conspiracy and attempt to obstruct, delay, and affect commerce by robbery, in violation of 18 U.S.C. § 1951(a); conspiracy to use, carry, brandish, and possess a firearm during and in relation to a crime of violence and drug trafficking, in violation of 18 U.S.C. § 924(o); and possession of a firearm during and in relation to a crime of violence and drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A) (collectively "charged offenses").  On appeal, Dorta claims that the district court abused its discretion when it admitted evidence of prior uncharged crimes.  After review, we affirm.[1]

## I. BACKGROUND

At trial, the government presented evidence that an undercover police officer working with a confidential informant approached a group of individuals the informant said were planning home invasion robberies.  The undercover officer posed as a disgruntled drug courier willing to aid the group in stealing cocaine from his employer's "stash house."  After various meetings with the group, some of which Dorta attended, the undercover officer provided the group with the location of the "stash house" and a date to steal the cocaine.  The group, including

_____

[1] We review a district court's ruling on the admission of evidence for an abuse of discretion.  United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000).

2

Dorta, was arrested when they arrived at the appointed location.

A federal grand jury indicted Dorta and five other individuals on the charged offenses. In anticipation of Dorta's "mere presence" affirmative defense, the government gave Dorta notice of its intent to rely on evidence of other criminal acts to prove his intent to commit the charged offenses and to show absence of mistake or accident on his part. Specifically, the government planned to present testimony concerning Dorta's participation in, inter alia, a 2000 home-invasion robbery with codefendant Alvarez ("home-invasion robbery"), in which they planned to steal cocaine, and a 2003 attempted bank burglary in Monroe County, Florida, with codefendant Rodriguez ("attempted bank burglary"). Dorta moved in limine to exclude the evidence from use at trial. The district court ruled that both prior uncharged criminal acts were admissible under Rule 404(b) because, inter alia, the acts were relevant to issues other than Dorta's character, namely Dorta's knowledge and intent, the evidence was not unfairly prejudicial and was necessary to the government's case.

At trial, during Rodriguez's testimony concerning Dorta's involvement in the events surrounding the charged offenses, the government attempted to present evidence of a third uncharged crime. Specifically, the government sought to admit testimony from Rodriguez that, on December 13th, immediately prior to the

3

December 16th arrest for the charged offenses, Dorta and the other codefendants were in Tampa, Florida, preparing to burglarize another bank ("planned bank burglary"), when they received the call to rob the stash house in Miami. According to Rodriguez, the group conferred and voted to travel to Miami and rob the stash house rather than burglarize the bank. Dorta objected to the inclusion of this evidence and moved for a mistrial on the grounds that it was Rule 404(b) evidence of which the government had not given notice, making it inadmissible at trial. The district court denied Dorta's motion for a mistrial and found that the evidence concerning the planned bank burglary was not Rule 404(b) extrinsic evidence, but was instead inextricably intertwined with the charged offenses and necessary to complete the story of the crime.

The jury found Dorta guilty of all counts. The district court sentenced Dorta to 211 months' imprisonment.

## II. DISCUSSION

On appeal, Dorta argues that the evidence of the uncharged crimes should have been excluded under Rules 404(b) and 403 because its unfair prejudice outweighed its probative value. Specifically, Dorta contends that the government already had sufficient evidence on the issue of his knowledge or intent through his co-conspirators' testimony about his involvement in the crime and that the

4

additional evidence of the uncharged crimes was nothing more than highly prejudicial propensity evidence. We conclude that the district court properly determined that the uncharged crimes evidence was probative of Dorta's knowledge and intent and that the probative value of this evidence was not substantially outweighed by its prejudicial effect.

Rule 404(b) provides that evidence of other crimes, commonly referred to as extrinsic offense evidence, is inadmissible to show that the defendant acted in conformity with his past conduct, but may be admissible for other purposes such as to prove, inter alia, intent, knowledge or absence of mistake, as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, . . . of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b). Rule 404(b) "is a rule of inclusion, and . . . accordingly 404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case." United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003) (internal quotation marks omitted). To determine whether extrinsic evidence is admissible under Rule 404(b), we apply the following three-part test: (1) the evidence must be relevant to an issue other than the defendant's

character; (2) the government must present sufficient proof that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.[2]  See United States v. Miller, 959 F.2d 1535, 1538 (11th Cir. 1992) (en banc).

First, Dorta argues that evidence of the home-invasion robbery and the attempted bank burglary was not relevant, thus failing the first prong of the three-part test.[3]  "To establish relevance under the first prong where testimony is offered as proof of intent, it must be determined that the extrinsic offense requires the same

---

[2] Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Because "[t]he nature of the government's evidence against a defendant is meant to be prejudicial," the court's Rule 403 inquiry is "not whether the evidence itself is prejudicial, but rather whether its probative value is outweighed by its prejudicial effect."  United States v. Wright, 392 F.3d 1269, 1276 (11th Cir. 2004), cert. denied, 125 S. Ct. 1751 (2005) (holding that "the balancing test prescribed by Rule 403 militates in favor of admissibility").

[3] The district court concluded that the evidence relating to the third crime – the planned bank burglary – was intrinsic evidence rather than Rule 404(b) extrinsic evidence.  Evidence of uncharged criminal activity is generally considered extrinsic evidence under Rule 404(b).  However, such evidence is not subject to the strictures of Rule 404(b) if it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense."  United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998) (quoting United States v. Ramsdale, 61 F.3d 825, 829 (11th Cir. 1995)).  Dorta does not challenge on appeal the district court's determination that the evidence of the planned bank burglary was intrinsic evidence not subject to Rule 404(b), and therefore we do not address this finding of the district court.  Rather, Dorta argues that the evidence of the planned bank burglary nonetheless should have been excluded under Rule 403.  As explained later, we conclude that it also was not error under Rule 403 to admit this intrinsic evidence.

intent as the charged offense." United States v. Dickerson, 248 F.3d 1036, 1047 (11th Cir. 2001) (internal quotation marks omitted).

Here, the extrinsic evidence regarding the home-invasion robbery to steal cocaine is highly relevant since the offense also involved the plan to steal cocaine. Specifically, evidence that Dorta had committed a previous home invasion with the intent to steal cocaine is highly relevant to whether he intended to invade the stash house and steal cocaine in this case as well. The evidence of the attempted bank burglary likewise was probative of Dorta's intent to steal. Furthermore, there was evidence that, in both the charged offense and the attempted bank robbery, Dorta drove his co-conspirators to the crime scene in a minivan. Thus, the evidence of the attempted bank burglary also was probative of Dorta's knowledge and skill to operate as a get-away driver of a minivan for a theft offense and keep a low profile while doing so.

Second, Dorta argues that, even if relevant, the uncharged crimes fail to meet the requirements of Rule 403, thus failing the third prong of the three-part test. In determining whether the third prong of the test is met, courts consider "the differences between the charged and extrinsic offenses, their temporal remoteness, and the government's need for the evidence to prove intent." United States v. Diaz-Lizaraza, 981 F.2d 1216, 1225 (11th Cir. 1993).

7

At trial, Dorta argued that he was merely present at the scene and did not intend to commit the charged offenses. All three uncharged crimes were probative of Dorta's intent to conspire to steal, and the prior home invasion was probative of Dorta's intent to steal cocaine.[4] Because Dorta put his intent squarely in issue by raising the "mere presence" defense, the government's need for evidence challenging Dorta's defense was strong. Dorta points to the fact that the government already had evidence of his involvement in the charged offense in the form of testimony from his co-conspirators. While this testimony was no doubt helpful to the government to prove Dorta's intent, as the district court noted, the credibility of these co-conspirators was "vulnerable to attack." See id. (noting that the government had a strong need for extrinsic offense evidence when the defendant denied any connection with the charged offense and "there were no overwhelmingly credible witnesses" to testify regarding intent).[5]

_____

[4] We disagree with Dorta's contention that the three-year-old home invasion was too remote in time to be probative.

[5] Dorta's reliance upon United States v. Matthews, 411 F.3d 1210 (11th Cir. 2005), is misplaced. In Matthews, the defendant was charged with conspiracy to sell cocaine. The defendant pled not guilty, but did not assert a defense, such as "mere presence," that specifically placed his intent in issue. Rather, because "intent . . . is a necessary conclusion from the act" of participating in a drug sale, id. at 1228 (internal quotation marks omitted), "the Government's case would rise or fall based on whether the jury believed Matthews had committed the charged acts at all, not on whether he possessed the requisite guilty intent." Id. at 1225. In holding that, under these circumstances, a 1991 arrest for drug dealing was inadmissible under Rule 404(b), the Matthews court distinguished prior precedent, including Diaz-Lizaraza, in which the defendant asserted a "mere presence" defense that put his intent squarely at issue and this Court upheld the admission of prior offenses to negate the defendant's innocent explanation. Id. at 1226-28. Because Dorta asserted a "mere presence" defense, that is, because the jury could have

Furthermore, this evidence was not unduly prejudicial given that the jury had already heard evidence, to which Dorta did not object, that Dorta and his co-conspirators were "professionals" and that the sting operation had caused the group to miss another opportunity to steal cocaine from a boat bound for Florida. The district court also mitigated the possibility of prejudice by giving limiting instructions that cautioned the jury that this evidence could be used only to determine Dorta's intent. See id. Accordingly, the district court did not abuse its discretion when it concluded that any prejudice this evidence may have created did not substantially outweigh its probative value.

**AFFIRMED.**

---

found that Dorta drove his co-defendants to the scene of the crime and to other meetings with the confidential informant and still found that he did not have the requisite intent to commit the charged offenses, Diaz-Lizaraza, and not Matthews, is the instructive precedent.